### In re Conditional Admission of Applicant No. 26724, Jeffery Allan BARKES.

#### No. 94S00–0111–BL–604.

Supreme Court of Indiana.

Jan. 18, 2002.

*ORDER REVOKING CONDITIONAL LICENSE TO PRACTICE LAW*

Jeffery Allan Barkes ("respondent") was admitted to the Indiana bar on June 16, 2000. However, that admission was made conditional to compliance with certain provisions established by the Board of Law Examiners. Admission and Discipline

Rule 12 § 6(c) authorizes the Board to permit a conditional admission, in lieu of denying admission to the bar outright, where the Board has special concerns about the applicant's moral character and fitness. As part of that conditional admission, respondent signed a Consent Agreement setting out the conditions for continued admission. The Consent Agreement provided that any violation of the conditions of admission could terminate the conditional admission. Further, our rules provide, "If ... the Board determines that an applicant admitted upon condition has violated any of the conditions of the admission ... the Board shall certify such findings to the Supreme Court of Indiana with the recommendation that the Court revoke such admission." *See* Ind. Admission and Discipline Rule 12 § 10.

The Board determined that the conditions of admission had been violated by respondent. The Board accordingly filed with this Court a "Notice of Recommendation of Revocation of Conditional License" ("Notice"). The Board also prepared certified findings in accordance with Admission and Discipline Rule 12 §§ 8 and 10, and those findings were attached to the Notice. The Notice and its attachments were also served on respondent.

After reviewing the Notice, the Court issued an order allowing respondent thirty days within which to file any response. No response was filed within the time period allotted, nor was any response tendered to the Court at any time.

The Notice and attached certified findings establish that respondent failed to abide by the terms of his conditional admission. In light of respondent's failure to comply with the conditions of his admission to practice law, the Court finds that respondent's law license should be revoked.

We pause to note that the Notice and the Court's initial order on the docket in this cause refer to respondent simply as Applicant 26724. Respondent was not previously identified by name because Admission and Discipline Rule 12 § 6(c) states that the "fact that the admission is conditional shall be confidential." Had respondent complied with the terms of his admission, the conditional nature of his admission would have remained confidential. Similarly, had the Court found no just cause to revoke the admission, the fact that respondent had been admitted conditionally would have stayed confidential. However, as we stated in the order permitting respondent the opportunity to respond to the Board's Notice, we are obliged to drop the cloak of confidentiality if respondent's conditional admission is revoked.

**The Court orders that the license of Jeffery Allan Barkes to practice law in Indiana is hereby revoked, effective immediately.**

Because this order effectively operates as a suspension or disbarment, the Clerk is directed to provide notice of this order in accordance with Admission and Discipline Rule 23 § 3(d) and to provide the Clerk of the U.S. Court of Appeals for the Seventh Circuit, and the clerks of each of the U.S. District Courts and U.S. Bankruptcy Courts of this state with respondent's personal and business addresses.

In addition, the Clerk is further directed to send a copy of this order to respondent by certified mail, return receipt requested, to both his personal and business addresses. Copies of the order are also to be sent to Mary Godsey, Executive Director of the State Board of Law Examiners; to the Supreme Court Administrator; and to Donald Lundberg, Executive Secretary of

the Supreme Court Disciplinary Commission.

All Justices concur.